UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRIAN HODAK, et al.,                )
                                    )
        Plaintiffs,                 )
                                    )
    vs.                             )   Case No. 4:04CV01099 ERW
                                    )
CITY OF ST. PETERS, et al.,         )
                                    )
        Defendants.                 )

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiffs' Amended Motions in Limine [doc. #70], Defendants' Motions in Limine [doc. #66] and Defendants' Motion to Strike Plaintiffs' Deposition List [doc. #67].

**I. BACKGROUND**

Plaintiff Karla Hodak is the sole owner of H/N Planning and Control, Inc. ("H/N"). On April 1, 1997, H/N purchased C. Blake's Bar & Grill ("Bar") in St. Peters, Missouri. On February 16, 2006, this Court granted in part, and denied in part, Defendants' Motion for Summary Judgment. On February 28, 2006, this Court held a pretrial conference to hear arguments on the parties motions.

**II. DISCUSSION - MOTIONS IN LIMINE**

*A. Plaintiffs' Motion #1 and Defendants' Motion #9 Regarding the Expert Witness Testimony of Ralph E. Ostermueller and Nancy Matheny*.

Both parties raise objections to the methodology of the other parties' business valuation expert. Rule 702 of the Federal Rules of Evidence ("FRE") provides that

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based

1

upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Neither party provides sufficient evidence for the Court to conclude that either expert's testimony is the product of an unreliable methodology. While the parties may disagree as to which expert's methodology should be used by the jury in valuing the business, this topic can be properly explored on direct and cross-examination of the witnesses. Thus, both Plaintiffs' Motion and Defendants' Motion will be denied.

B. ***Plaintiffs' Motions #2 and #3 and Defendants' Motion #7 Regarding the Introduction of St. Peters' Indemnification Ordinance (§115.010) and the Net Worth of the City***.

Plaintiffs seek permission to introduce St. Peters' Indemnification Ordinance into evidence. Section 115.010 provides that

> [a]ll elected and appointed officials and public employees of the City of St. Peters shall hereinafter be fully indemnified and held harmless by the City of St. Peters from any and all costs, attorney fees, claims, causes of action, judgments or damages, either actual or punitive, which may be assessed against said officials or public employees as a result of any action or omission of such elected and appointed public officials or employee in the course or conduct of his/her public office or employment.

Plaintiffs further seek to introduce evidence of the City's net worth in support of their request for punitive damages. In *Griffin v. Hilke*, the plaintiff sued two police officers for excessive force pursuant to 42 U.S.C. § 1983 and was awarded $750,000 by the jury. 804 F.2d 1052, 1053 (8th Cir. 1986). The Eighth Circuit reversed the trial court, finding that the plaintiff had improperly suggested during closing argument that the city would be paying for any judgment awarded by the jury against the officers. *Id*. at 1057. The court reasoned that "testimony or argument concerning the defendant's insurance or indemnity protection is that it will result in an unduly generous award of damages by the jury." *Id*.

Plaintiff relies on *Figueroa v. Gates*, 207 F. Supp.2d 1085 (C.D. Cal. 2002) and *Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) to argue that evidence that a city routinely indemnifies officers in excessive force actions can be used to show that the city has fostered a custom or policy endorsing the use of excessive force by police officers. The Court in *Figueroa* reasoned that "a pattern of indemnification votes might constitute an unconstitutional custom." 207 F. Supp.2d at 1101. Here, Plaintiffs have suggested no such pattern. Simply arguing that the St. Peters' Ordinance requires the indemnification of police officers is insufficient. Thus, unless Plaintiffs are able to make a showing, outside the hearing of the jury, of the existence of a pattern in St. Peters of indemnifying officers in excessive force cases, Plaintiffs will not be permitted to introduce evidence relating to the City's Ordinance or net worth. Furthermore, the Court wants to make clear that evidence of net worth of the Officer Defendants may only be introduced in the punitive damages phase, if such a phase is necessary. Plaintiffs' Motions will be denied, and Defendants' Motion will be granted.

*C. **Plaintiffs' Motion #4 and Defendants' Motion #10 Regarding the Resisting Arrest Conviction of Mr. Hodak**.*

Plaintiffs allege that Mr. Hodak's conviction for resisting arrest is a "nullity," and therefore evidence of the conviction should be excluded. Mr. Hodak was convicted at the municipal level of the offense of resisting arrest. He appealed the conviction by filing an application for a trial de novo. He was tried and found guilty, but the Missouri appellate court reversed the trial court and remanded the case back to the trial court. Mr. Hodak was not retried because he dismissed his application for a trial de novo. His dismissal specifically indicated that he accepted "the judgment rendered by the Municipal Court." Thus, he accepted the municipal conviction of the offense. Evidence relating to the conviction is relevant to the excessive force claim and will be permitted. Defendants' Motion is granted, and Plaintiffs' Motion is denied.

3

D. ***Plaintiffs' Motion #5 Relating to the Prior Bad Acts of Former Alderwoman Michelle Steins***.

Plaintiffs request an Order prohibiting Defendants from introducing evidence relating to Michelle Steins' (1) plea of guilty related to the criminal offense of leaving the scene of an accident and that she later dated the officer that has arrested her for that offense and (2) personal relationship with a married man. Defendants plan to introduce the evidence to attack the credibility of Ms. Steins. Plaintiffs argue that FRE 609 precludes the introduction of such evidence. Specifically,

> [f]or the purpose of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Fed. R. Evid. R. 609. In this case, Ms. Steins was not convicted of the offense. Instead, she received a suspended imposition of sentence. *See* Mo. Rev. Stat. § 610.105. This Court holds that Defendants may not introduce evidence relating to Ms. Steins' arrest or affair to generally attack her credibility as a truthful witness. However, the Defendants may seek permission of the Court, outside the hearing of the jury, to introduce evidence that is *specifically related* to any bias Ms. Steins has against any of the Defendants. Plaintiffs' Motion is granted, in part.

E. ***Plaintiffs Motions #6, 7, and 8 Concerning the Content of the Internal Affairs Investigation Relating to the Incident at the Station Casino, Plaintiffs' Prior Arrests and Lawsuits, Plaintiffs Brian Hodak's Bankruptcy Petition***.

The internal affairs investigators compiled a full personal history of Brian Hodak. Plaintiffs seek a Court Order limiting the introduction of certain irrelevant, prejudicial background information contained in the report. Defendants plan to use portions of the report to show Mr.

Hodak's propensity to resist officers and to argue that the value of the bar business sold by Plaintiffs could not have been substantial if Mr. Hodak was forced to file a petition in bankruptcy. Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. R. 403. The Court holds that the portions of the internal affairs investigation report relating to the incident at the Station Casino, Plaintiffs' prior arrests and lawsuits and Plaintiff Brian Hodak's Bankruptcy Petition will be excluded as unduly prejudicial. The Court finds the probative value of such evidence to be minimal. However, Defendants shall be permitted to introduce evidence relating to the incident at the Station Casino to the extent that it is necessary to understand Mr. Hodak's "letter to the editor" discussing the incident. Plaintiffs' Motions will be granted, in part.

   *F. Defendants' Motions #1, 2, 3, 4, 5, and 6 Relating to Mr. Hodak's Mental Illness and Diagnosis and Damages Stemming from Such Illness*.

Defendants seek an Order precluding evidence relating to (1) any medical diagnoses, including Post Traumatic Stress Syndrome ("PTSS"), (2) mental injury, (3) future pain and suffering, and (4) medical records. Defendants rely on Missouri case law requiring expert opinions for the introduction of such evidence. In federal courts, a lay witness may testify to "opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. R. 701. In this case, Plaintiffs plan to introduce medical records through Mr. Hodak. While the Court finds that evidence of Mr. Hodak's diagnosis would likely fall under the business records exception to hearsay rule, it is clear that Plaintiffs have no expert to tie the October 18, 2001 incident to the medical diagnosis of PTSS. The diagnosis of mental illness is irrelevant if there will be no expert testimony that the incident caused the mental illness. Thus, all evidence relating to Mr. Hodak's mental injuries will be excluded until such time that Plaintiffs

5

have introduced sufficient reliable evidence that the PTSS was caused by the October 18, 2001 incident. Thus, Defendants' Motions will be granted, in part.

### G. *Defendants' Motion #8 Regarding Prior Undisclosed Witnesses*.

Counsel for Plaintiffs has represented to the Court that he does not intend to call any witness that has not been properly disclosed. Defendants' Motion will be granted.

### H. *Defendants' Motion # 11 Regarding Lost Future Earnings and Diminution in Value*.

Defendants argue that permitting Plaintiffs to request both lost profits and loss in value would result in a double recovery if the jury awarded both. In *Marvin Lumber and Cedar Co. v. PPG Indus., Inc.*, the Eighth Circuit noted that future lost profits and diminution in the value of the business were not duplicative. 401 F.3d 901, 914 (8th Cir. 2005). Indeed, the jury instructions indicated that the two types of damages were different from one another. *Id.* (Court found that plaintiff did not make a submissible case of loss of goodwill but had made a sufficient showing of lost profits). This Court holds that Plaintiffs will be permitted to submit evidence of diminution in the value of the bar business and lost profits. Defendants' Motion will be denied.

### I. *Defendants' Motion #12 Regarding Proceedings of the Liquor Commission and Board of Aldermen Relating to the Revocation of Plaintiffs' Liquor License*.

Defendants argue that Plaintiffs should not be permitted to introduce evidence about the lack of justification for the Liquor Commission and Board of Aldermen's actions during the proceedings that ultimately resulted in the revocation of Plaintiffs' liquor license. While the Court agrees that Plaintiffs may not claim that their "due process rights" were violated by the Commission and Board's actions, evidence relating to the fairness of the revocation proceedings is relevant to other matters still at issue in this lawsuit. Defendants' Motion will be denied.

### J. *Defendants' Motion #13 Relating to the Prior Employment and Disciplinary Proceedings of the Officer Defendants*.

Counsel for Plaintiffs has represented to the Court that he does not intend to introduce evidence relating to prior employment and disciplinary proceedings of the Officer Defendants. However, Plaintiffs shall be permitted to elicit testimony regarding the qualifications of the Officer Defendants as police officers. Defendants' Motion will be granted.

### K. *Defendants' Motion #14 Relating to Lost Future Profits*.

Defendants argue that Plaintiffs should not receive lost profits because their damages "are too remote, speculative, and dependant on changing circumstances." *See Coonis v. Rogers*, 429 S.W.2d 709, 714 (Mo. 1968). Plaintiffs argue that this is an issue for the jury after all testimony and evidence has been presented. The Court agrees that it would be premature for the Court to preclude all argument as to lost profit. Defendants' Motion will be denied.

### L. *Defendants' Motion #15 Regarding the Liquor Commission and Board of Aldermen's Dealing With Other Liquor Licenses*.

Defendants seek an Order prohibiting Plaintiffs from introducing evidence relating to liquor license proceedings of other businesses. Defendants argue that there are many differences in the circumstances that make comparisons of those proceedings to the Plaintiffs' proceedings unreliable. While the argument is compelling, it is an argument that relates to the weight, not the admissibility of the evidence. Defendants will be permitted to highlight these differences between the proceedings during trial.

## III. DISCUSSION - MOTIONS TO STRIKE PLAINTIFFS' DEPOSITION LIST

Defendants request that the Court order Plaintiffs to clearly designate the portions of any depositions that Plaintiffs plan to use during trial. The Court recognizes the voluminous amount of deposition testimony that exists in this case; however, Plaintiffs shall designate the page and line numbers of any deposition testimony that will almost certainly be introduced during trial.

Accordingly,

7

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Exclude financial evaluation conducted by Ralph E. Ostermueller is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Permit the introduction of St. Peters' Indemnification Ordinance (§ 115.010) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Permit the introduction of evidence relating to the net worth of Defendant St. Peters is **DENIED**. Any evidence related to the net worth of the Officer Defendants will not be permitted in the first phase of the trial.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude the resisting arrest prosecution against Brian Hodak is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Preclude evidence relating to the prior bad acts of Michelle Steins is **GRANTED in part, and DENIED in part**. Defendants may seek permission of the Court, outside the hearing of the jury, to introduce evidence that is *specifically related* to any bias Ms. Steins has against any of the Defendants

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude evidence of prior arrest, prosecution, acquittal and civil suit related to the station casino in St. Louis is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude evidence in the Internal Affairs Investigation of the City of St. Peters related to Plaintiffs' prior lawsuits, arrest and driving records, and police reports unrelated to the events of October 18, 2001 is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Preclude evidence of prior lawsuits and bankruptcy petition is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Preclude evidence that Brian Hodak suffers from "post traumatic stress syndrome" or is on a medication regimen as a result of the events of October 18, 2001 is **GRANTED in part, and DENIED in part**. All evidence

relating to Mr. Hodak's mental injuries will be excluded until such time that Plaintiffs have introduced sufficient reliable evidence that the PTSS was caused by the October 18, 2001 incident.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude evidence relating to any mental injury is **GRANTED in part, and DENIED in part**. All evidence relating to Mr. Hodak's mental injuries will be excluded until such time that Plaintiffs have introduced sufficient reliable evidence that the PTSS was caused by the October 18, 2001 incident.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude evidence relating to any future physical and mental pain and suffering is **GRANTED in part, and DENIED in part**. All evidence relating to Mr. Hodak's mental injuries will be excluded until such time that Plaintiffs have introduced sufficient reliable evidence that the PTSS was caused by the October 18, 2001 incident.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude the medical records of Brian Hodak is **GRANTED in part, and DENIED in part**. All evidence relating to Mr. Hodak's mental injuries will be excluded until such time that Plaintiffs have introduced sufficient reliable evidence that the PTSS was caused by the October 18, 2001 incident.

**IT IS FURTHER ORDERED** that Defendants' Motion to Prohibit Plaintiffs from testifying regarding medically diagnosed conditions is **GRANTED in part, and DENIED in part**. All evidence relating to Mr. Hodak's mental injuries will be excluded until such time that Plaintiffs have introduced sufficient reliable evidence that the PTSS was caused by the October 18, 2001 incident.

**IT IS FURTHER ORDERED** that Defendants' Motion to Preclude evidence that the physical or mental injury was caused by an alleged violation of Mr. Hodak's First Amendment rights is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Preclude evidence of net worth of the City is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Prohibit any undisclosed witness from testifying is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude all opinions of Nancy Matheny is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Permit the evidence relating to Mr. Hodak's conviction of the charge of resisting arrest is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude evidence of Plaintiffs' lost future earnings and diminution in value is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude all evidence on any issue relating to the proceedings of the Liquor Commission and/or the proceedings of the Board of Aldermen which resulted in the revocation of the liquor license is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude all evidence relating to the prior employment and prior disciplinary proceedings of the Officer Defendants is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Preclude argument relating to lost future profits is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Prohibit Plaintiffs from introducing evidence relating to the Liquor Commission and Board of Aldermen's Dealings with other Liquor Licenses is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiffs' Deposition List [doc. #67] is **DENIED**. However, Plaintiffs shall designate the page and line numbers of deposition testimony that will be introduced during trial no later **March 3, 2006.**

**IT IS FURTHER ORDERED** that trial in this matter will begin at **8:30 a.m.** on **March 6, 2006**.

Dated this 2nd day of March, 2006.

*E. Richard Webber*
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE