UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN HODAK, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:04cv01099 ERW |
| ) | |
| CITY OF ST. PETERS, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendants' Motion for Judgment on the Pleadings Against Plaintiff H/N Planning and Control, Inc. ("Plaintiff H/N") on Count I of the Third Amended Complaint [doc. #145].[1]

## **I. PROCEDURAL HISTORY**

Brian and Karla Hodak filed suit against the City of St. Peters and former Mayor Tom Brown, among others, on August 19, 2004, seeking damages pursuant to the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §§ 1983, 1985(3) and 1988. In Count I, Plaintiff H/N alleges that Defendant City of St. Peters and Defendant Brown retaliated against Plaintiff Brian Hodak for the exercise of his First Amendment rights of free speech by placing marked cars and uniformed officers in the immediate vicinity outside of C. Blake's Bar and Grill ("Bar"), and thereafter, revoking the liquor license of Karla

---

[1]The Plaintiffs' Third Amended Complaint contains Counts I through VI. However, Counts II through VI were decided in Defendants' favor, either on Summary Judgment or judgment on the Jury Verdict. The only Count remaining for retrial is Count I, and this is the only Count subject to the Defendants' Motion for Judgment on the Pleadings.

1

Hodak, which prohibited liquor to be sold at the Bar.  Defendants filed a motion for summary judgment on December 9, 2005.  The Court denied the motion as to Count I, finding that a reasonable fact-finder could find that Defendants retaliated against Plaintiffs based on Plaintiff Brian Hodak's criticism of Mayor Brown and other city officials.

After a six day jury trial, starting on March 6, 2006, and following the introduction of all evidence, Defendants made a Motion for Judgment as a Matter of Law.  Defendants argued that (1) under the rule propounded by the court in *Potthoff v. Morin*, 245 F.3d 710 (8th Cir. 2001), Karla and Brian Hodak did not have standing to sue for injuries sustained by H/N; (2) the revocation of the liquor license was not an "adverse action" as required in order for Defendants' actions to constitute retaliation, since Plaintiffs failed to exhaust their administrative remedies; (3) there was no causal connection between the adverse action and the protected speech activity; and (4) the City of St. Peters is entitled to sovereign immunity.  After Defendants argued their Motion, Plaintiffs made an oral motion to add H/N as a plaintiff in the case.  The Court granted the Motion, and H/N was added as the plaintiff in Count I.  Counsel then made closing arguments to the jury and the jury returned a verdict in favor of Plaintiff H/N on the First Amendment retaliation claim in Count I.  On March 23, 2006, Defendants filed a Motion for Judgment as a Matter of Law After Trial, renewing the arguments made in their Motion for Judgment as a Matter of Law at the close of all evidence, or in the alternative a New Trial.  This Court granted Defendants' Motion for a New Trial as to Count I on July 26, 2006.

This Court also granted Plaintiffs' Motion for Leave to file a Second Amended Complaint on July 27, 2006, and granted Plaintiffs Motion for Leave to file a Third Amended Complaint on August 23, 2006.  Plaintiffs Third Amended Complaint added Plaintiff Brian Hodak as a party to

Count I as well as Plaintiff H/N. Defendants then filed the instant Motion for Judgment on the Pleadings against Plaintiff H/N on Count I of Plaintiffs' Third Amended Complaint.

## I. FACTUAL BACKGROUND[2]

Plaintiff Karla Hodak is the sole shareholder of H/N Planning and Control, Inc. ("H/N"). On April 1, 1997, H/N began operating a business known as C. Blake's Bar & Grill, the Bar, in St. Peters, Missouri, with a duly issued liquor license, in the name of Karla Hodak. Plaintiffs Brian and Karla Hodak operated the Bar. Their operation continued without incident from April 1, 1997 until October 18, 2001. Beginning in November, 2000, Plaintiff Brian Hodak was a vocal critic of local government officials, including the mayor at the time, Tom Brown. He wrote several letters to the editor of the local paper criticizing the Mayor's activities.

According to Plaintiffs' allegations, on or about November 1, 2001, Mayor Tom Brown appeared at the Bar and told both Plaintiffs Brian and Karla Hodak that if Plaintiff Brian Hodak did not stop criticizing him regarding the tax increment financing plans and other matters, he would see to it that they lost their liquor license. On February 6, 2002, Plaintiff Brian Hodak criticized Mayor Brown in a letter to the editor, alleging that he had denied BP Amoco's due process regarding a use permit and that the Mayor's denial of due process needlessly cost the taxpayers money defending a lawsuit initiated by BP Amoco. Plaintiffs allege that on February 7, 2002, the day following the letter's publication, Mayor Brown called and told Plaintiff Karla Hodak to tell Plaintiff Brian Hodak to "keep his . . . mouth shut or you're going to lose your liquor license."

---

[2]As this is a motion for judgment on the pleadings the Court's recitation of the facts is taken from Plaintiffs' Third Amended Complaint.

Plaintiff further alleges that between December, 2001 and May, 2002, Plaintiffs received notices that points were being assessed against their liquor license for events which had not been cited as violations prior to October 18, 2001. Between October, 2001 and March, 2002, the Commission assessed 12.5 points against the Bar's liquor license for various violations. One incident cited by the Plaintiffs occurred on October 18, 2001, when Plaintiff Brian Hodak and Mr. Fitchett, a bar patron were arrested fo peace disturbance and assault. Plaintiff Brian Hodak was later acquitted of all charges, but the points assessed against Plaintiff H/N from this incident were not removed. On June 13, 2002, the Board held a hearing regarding the revocation of Plaintiffs' liquor license, where the Defendant Mayor Brown presided, and the liquor license was revoked.

## III.  STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) (2006). In deciding a motion for judgment on the pleadings, this Court will accept as true all facts pled by the non moving party, and "grant all reasonable inferences from the pleadings in the non-moving party's favor." *National Car Rental System, Inc. v. Computer Associates Intern., Inc.*, 991 F.2d 426, 428 (8th Cir. 1993). This is a strict standard: "judgment on the pleadings is not appropriate unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *U.S. v. Any and All Radio Station Transmission Equipment*, 207 F.3d 458, 462 (8th Cir. 2000), *see also National Car Rental Systems, Inc.*, 991 F.2d at 428.

## IV.  DISCUSSION

Plaintiffs' bring suit against Defendants alleging a violation of their constitutional rights because Defendants actions constituted retaliation against the Plaintiff Brian Hodak for activity

protected by the First Amendment of the United States Constitution. *Pl. Third Amended Complaint*, ¶40. In order

> [t]o state a First Amendment retaliation claim under 42 U.S.C. § 1983, the plaintiff must show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity.

*Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). The present case requires this Court to address the ability of Plaintiff H/N to bring an action against Defendants on the basis of Plaintiff Brian Hodak's protected activity. Plaintiffs' Third Amended Complaint alleges that Plaintiff Brian Hodak exercised his First Amendment rights and that the Defendants retaliated against him by "placing marked cars and uniformed officers in the immediate vicinity outside of the restaurant, and thereafter, revoking the liquor license of Plaintiff H/N." *Pl.'s Third Amended Complaint*, ¶40. The key question in deciding the current motion is whether Plaintiff H/N can raise the violation of Plaintiff Brian Hodak's constitutional rights.

### A. STANDING

Defendants raise two arguments in favor of their position that Plaintiff H/N does not have standing. First, Defendants argue that Plaintiff H/N has not alleged any facts that Plaintiff H/N engaged in any protected activity, but rather that Plaintiff Brian Hodak engaged in protected activity. *Def. Memo. In Support of Def. Mot. for Judg. on the Pleadings*, 4. Second, Defendants argue that Plaintiff H/N does not have standing because the alleged retaliation was against Plaintiff Brian Hodak, not against Plaintiff H/N. *Def. Memo. In Support of Def. Mot. for Judg. on the Pleadings*, 9. Plaintiffs respond by alleging that the protected speech of Brian Hodak, and the subsequent retaliation against him, is sufficient to provide standing to Plaintiff H/N, as Plaintiff H/N suffered an economic injury which resulted from Plaintiff Brian Hodak's protected action,

5

and further that Plaintiff Brian Hodak could not have alleged the injury himself because Plaintiff Brian Hodak did not suffer any direct economic harm. *Pl. Memo in Opp. to Def. Mot. for Judg. on the Pleadings*, 2.

Standing has both constitutional and prudential dimensions. *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (holding that standing "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise"); *see also Starr v. Mandanici*, 152 F.3d 741, 749 (8th Cir. 1998). Article III of the United States Constitution limits the subject-matter jurisdiction of federal courts to "cases" and "controversies." U.S. Const. Art. III, § 2. A plaintiff must demonstrate "that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,. . . and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Miller v. Block*, 771 F.2d 347, 352 (8th Cir. 1985) (internal quotations omitted). Specifically, a plaintiff must establish three elements to satisfy "the irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

> First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly. . .trace[able] to the challenged action of the defendant, and not. . .th[e] result [of] the independent action of some third party not before the court. Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'

*Lujan*, 504 U.S. at 560-561.

Plaintiff H/N must be able to show that it meets the minimum requirements of standing under Article III. The plaintiff must have suffered an "injury in fact." *Id*. at 560-561. Here Plaintiff H/N alleges that it lost its liquor license as a result of the retaliation by the Defendants. This is clearly a particularized injury, which resulted in economic harm to Plaintiff H/N and the

eventual closing of the Bar owned by Plaintiff H/N. "[T]here must be a causal connection between the injury and the conduct complained of . . . ." *Id.* Plaintiff H/N alleges that the Mayor and the Board of Alderman for the City of St. Peters, the Defendants in this case, acted to place marked cars in front of its business, and further caused Plaintiff H/N's liquor license to be revoked, therefore Plaintiff H/N has alleged a causal connection between the economic injury and the action of retaliation by the Defendants. "Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* A favorable decision by a jury in this case will result in damages to Plaintiff H/N for the economic loss suffered as a result of the loss of its liquor license. As the three requirements for Article III standing have been met, it is necessary for the Court to look at the prudential requirements.

"The second category of self-imposed standing limitations are prudential principles which underscore the limitations embodied in Article III." *Miller*, 771 F.2d at 352. "The prudential principles of standing ensure that federal courts are not called upon to decide questions of broad social import in cases in which no individual rights will be vindicated, and [that] access to the federal courts [is] limited to those litigants best suited to assert the claims." *Starr*, 152 F.3d at 749 (internal quotations omitted). The prudential limitation applicable to the present case is the principle that "even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, . . . the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 498-499; *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001) (internal quotations omitted); *see also Mosby v. Ligon*, 418 F.3d 927, 933 (8th Cir. 2005).

An exception to this prudential limitation exists when a third party meets three additional criteria.

> The litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.

*Powers v. Ohio*, 499 U.S. 400, 411 (1991) (internal citations omitted); *Camacho v. Brandon*, 317 F.3d 153, 159 (2nd Cir. 2003) ("[a] plaintiff may assert the constitutional claims of a third party if the plaintiff can demonstrate: (1) injury to the plaintiff, (2) a close relationship between the plaintiff and the third party that would cause plaintiff to be an effective advocate for the third party's rights, and (3) some hindrance to the third party's ability to protect his or her own interests."); *see also Kowalski v. Tesmer*, 543 U.S. 125, 129-130 (2004); *Ben Oehrleins & Sons & Daughter, Inc. v. Hennepin County*, 115 F.3d 1372, 1381-82 (8th Cir. 1997) (court did not relax the prudential bar because generators of waste did not have close relationship with haulers); *Mosby*, 418 F.3d at 934 (black attorney lacked standing to assert interests of other black attorneys because no close relationship between plaintiff and other black attorneys, and, moreover, there was no evidence that there was a hindrance to the other attorneys' ability to protect their interests).

Plaintiff H/N relies upon this exception. Plaintiff H/N must have alleged facts to show it suffered an injury in fact to give it a concrete interest in the outcome, that there is a close relationship between Plaintiff H/N and Plaintiff Brian Hodak, and that there is some hindrance to Plaintiff Brian Hodak asserting his own constitutional rights. *Powers*, 499 U.S. at 411. As the Supreme Court noted in *Sierra Club v. Morton*, the focus of any standing analysis is a showing of injury in fact. 405 U.S. 727, 732 (1972). This is where this Court begins its analysis. As noted above, it is clear that in the present case Plaintiff H/N has alleged an injury in fact, namely the loss of its liquor license and the subsequent closure of its business as a restaurant and bar, sufficient to give it a concrete interest in the outcome. In *Park View Heights Corp. v. City of Black Jack*, the

Eighth Circuit held that an economic interest gave the corporate plaintiffs "a personal stake in the outcome of the controversy." 467 F.2d 1208, 1213. Plaintiff H/N has satisfied this first requirement to assert the legal rights of a third party.

The Eighth Circuit further held, addressing the second requirement of the exception, that although a constitutional right is ordinarily a personal right, "this is only a rule of practice, which will not be followed where the identity interest between the party asserting the right and the party in whose favor the right exists is sufficiently close." *Id*. The Eighth Circuit went further than is necessary in the case at bar and allowed the corporate plaintiffs to raise the constitutional rights of the individuals even when the individuals themselves were a party to the action. *Id.* at 1214 ("the corporate plaintiffs can assert the individual plaintiffs civil rights under 42 U.S.C. §§ 1981 and 1982, and the individual plaintiffs can assert their own civil rights under the same sections."). In a Sixth Circuit decision directly on point, the court found that a councilman's aid had a sufficiently close working relationship with the councilman to be able to assert the councilman's rights. *Camacho*, 317 F.3d at 159-160. The councilman's aid alleged that he was fired because of the councilman's vote at a city council meeting. *Id.* at 160. The Second Circuit, in determining that a close relationship existed, pointed to the fact that "Camacho [plaintiff] had worked on all of Fuentes' [the councilman] political campaigns from 1986 until Fuentes left the area in 1999, serving in various capacities. . ., indeed, Camacho was the best man at Fuentes' wedding." *Id.* at 157. In the same way Plaintiff H/N had a close relationship with Plaintiff Brian Hodak, who was one of the operators of the C. Blake's Bar and Grill, and was married to Karla Hodak, the sole shareholder of Plaintiff H/N. Plaintiff Brian Hodak was involved in the daily operation of the Bar, and was the subject of some of the alleged retaliatory incidents that resulted in the citation of points against the Bar's liquor license. This satisfies the second requirement, Plaintiff H/N has a

9

sufficiently close relationship with Plaintiff Brian Hodak, that Plaintiff H/N will be a zealous advocate of the legal rights at issue in this suit. *Park View Heights Corp.*, 467 F.2d 1208, 1213.

Lastly, Plaintiff H/N must show that Plaintiff Brian Hodak was hindered from protecting his own interests. *Powers*, 499 U.S. at 411. The court in *Camacho* further held that the councilman was "inhibited from seeking redress for these injuries because of the absence of any direct economic harm to him from [the plaintiff's] firing." 317 F.3d at 160. Again, the case is exactly on point with the present facts. Plaintiff Brian Hodak cannot assert this claim because of the lack of economic injury to himself. In his complaint Plaintiff Brian Hodak only alleges "extreme mental and emotional distress, humiliation and outrage." *Pl. Comp.*, ¶42. The economic harm that resulted from Defendants alleged conduct was suffered by Plaintiff H/N, therefore preventing Plaintiff Brian Hodak from protecting his own first amendment rights. Additionally, the focus is on an injury suffered by the plaintiff, sufficient to make the plaintiff an effective advocate of the legal rights. *See Park View Heights Corp.*, 467 F.2d at 1214 (Holding that corporate plaintiffs had suffered an injury, and therefore had standing, even though the individuals who's rights were violated were also a party to the action.); *see also Sierra Club*, 405 U.S. at 732 ("the question of standing depends upon whether the party has alleged such a personal stake in the outcome of the controversy, as to ensure that the dispute sought to be adjudicated will be presented in the adversary context. . ..."). Therefore Defendants contention that Plaintiff H/N has alleged facts that as a matter of law do not state a claim because it asserts the rights of a third party, is unfounded.

**B. ADVERSE ACTION**

In order to prevail on a claim of retaliation, the Plaintiff must show that "the government official took *adverse action* against him that would chill a person of ordinary firmness from

continuing in the activity." *Revels*, 382 F.3d at 876 (emphasis added). Defendants argue that Plaintiff H/N did not suffer from an "adverse action" because H/N failed to exhaust its administrative remedies after the Bar's liquor license was revoked. Citing *Okruhlik v. University of Arkansas*, Defendants assert that the Board of Aldermen's ("Board") decision cannot constitute an adverse action because it was not "final." 395 F.3d 872 (8th Cir. 2005). In *Okruhlik*, the Eighth Circuit analyzed a claim of First Amendment retaliation in the context of employment law. A University of Arkansas professor sued the University after she was denied tenure. The tenure process at the University was multi-layered, and after being denied tenure at various stages of the process, she filed suit instead of making the final appeal to the chancellor or president. The Eighth Circuit upheld the district court's finding that a university professor did not establish that she suffered an "adverse employment action" because she failed to complete all the levels of the tenure review process and never received a final decision from the University's president. *Id*. at 877-78. The court reasoned that "a university should have the opportunity to correct errors through its complete internal appeals process that precedes its final decision." *Id*. at 879.

This Court finds *Okruhlik* inapposite. While the Board's decision to revoke the Bar's liquor license was appealable in a state court, the Board's decision was not an "internal" or "intermediate" step in the liquor revocation process for the City. The holding in *Okruhlik* was based on plaintiff's failure to complete the entire internal review process at the University; indeed, the court specifically noted that if a denial of tenure is official, it can be an adverse employment action. *Id*. Unlike *Okruhlik*, Plaintiff H/N completed the City's full internal process relating to liquor revocations before filing suit. *Okruhlik* is further distinguishable because that First Amendment retaliation in the employment context is quite different than First Amendment

11

retaliation in other settings. The standard for what constitutes an "adverse employment action" is different than the standard relating to "adverse actions" in non-employment settings. An "adverse employment action" is a "material employment disadvantage such as termination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects." *Id*. at 879; *see also Bechtel v. City of Belton, MO*, 250 F.3d 1157, 1162 (8th Cir. 2001). The *Okruhlik* Court analyzed the plaintiff's retaliation claim based on the standard for an "adverse employment action."

The instant case does not relate to retaliation against Plaintiff H/N by changing the terms of Plaintiff's employment. In non-employment contexts, a person suffers an adverse action if a reasonable person of ordinary firmness would be deterred from continuing to exercise his right to free speech. *Garcia v. City of Trenton*, 348 F.3d 726, 728-29 (8th Cir. 2003). In *Garcia*, the court found that plaintiff had suffered an adverse action because she received four parking tickets in retaliation for complaining about bicycles unlawfully riding on the sidewalk in front of her store. The facts are more dramatic in this case. Here, Plaintiff H/N alleges that Defendants threatened Plaintiffs Brian and Karla Hodak, that if Plaintiff Brian Hodak did not stop writing derogatory articles about city officials, that measures would be taken to revoke the Bar's liquor license, and indeed, the liquor license was eventually revoked by the City. This Court finds that H/N's failure to file suit in state court does not change the fact that Plaintiff H/N has alleged facts upon which a jury could find that the speech of a person of ordinary firmness would have been chilled by Defendants' actions. Therefore judgment on the pleadings is not appropriate on this basis.

**IV. CONCLUSION**

Plaintiff has alleged facts under Count I of their Third Amended Complaint, which state a cause of action for First Amendment retaliation under 28 U.S.C. § 1983. Plaintiff H/N has standing to bring suit against the Defendant: Plaintiff H/N has alleged that Plaintiff Brian Hodak engaged in activities protected under the First Amendment, that Plaintiff Brian Hodak was retaliated against because of these protected activities, that Plaintiff Brian Hodak and Plaintiff H/N have a close relationship, that Plaintiff H/N suffered economic loss as a result of the retaliation, and that Plaintiff Brian Hodak can not assert his own legal claim because Plaintiff H/N did not suffer any economic harm. If Plaintiff H/N is successful in proving these allegations, then it may recover for a claim of First Amendment retaliation. Furthermore, the Defendants' argument that Plaintiff Brian Hodak did not exhaust all available remedies because it failed to appeal the Liquor Commissions decisions in state court is unpersuasive. It is not necessary for a party to appeal a final agency decision in state court, before that party can bring an action in federal court for retaliation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Motion for Judgment on the Pleadings Against Plaintiff H/N Planning & Control Inc. on Count I of Plaintiffs' Second Amended Complaint [doc. #137] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Defendants Motion for Judgment on the Pleadings Against Plaintiff H/N Planning & Control Inc. on Count I of Plaintiffs' Third Amended Complaint [doc. # 145] is **DENIED**.

Dated this 20th day of October, 2006.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE