UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN HODAK, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:04CV01099 ERW |
| ) | |
| CITY OF ST. PETERS, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Preclude Expert Testimony of Brian Hodak and Motion to Strike Plaintiffs' Exhibits 85 and 86 [doc. #185].

**I. BACKGROUND**

The timing of the filing of Defendants' motion is problematic for all parties. Plaintiffs claim harm based on timeliness since the Motion was filed on Friday before the case is called for a jury trial on Monday. Defendants reply that the reason for the timing of the filing was Plaintiff Brian Hodak's failure to waive signature of his deposition and that his deposition was not signed until just before the Motion was filed. These issues present recognized perils for the parties, but they do not relieve the Court of its responsibility to rule evidentiary issues once presented. The Court notified the parties, when the case was first called today, that the Motion would be heard some time Monday afternoon. A hearing was conducted beginning at 1:00 p.m. on November 6, 2006. An expedited ruling is made to allow the parties the maximum time to prepare witnesses, in light of the Court's ruling.

Fed. R. Evid. 701(c) provides that if a witness is not testifying as an expert, the witness's testimony in the form of opinions are limited and must "not [be] based on scientific, technical, or other specialized knowledge within the scope of Rule 702." C. Blake's Bar and Grill was sold on June 13, 2002. Plaintiff Brian Hodak proposes to give an opinion based on Plaintiffs' Exhibit 85 that October sales for October 2002 would have been $83,419.54, but for the unlawful police interference at C. Blake's Bar and Grill. This figure is based on assumptions and projections of Plaintiff Brian Hodak which he claims are based on common sense. This becomes a very important figure, because he uses it to then project what he believes are lost future profits through October 31, 2006 of $2,713,725.61. He says, "that was the springboard for determining what the profits would be in succeeding periods." He said Exhibit 85 is a "springboard" for Plaintiffs' Exhibit 86.

## II. STANDARD OF REVIEW

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (2006). The rule states three requirements in order for evidence to be admissible, first the evidence must be useful to the fact finder in deciding the ultimate issue of fact, second, the witness must be qualified to assist the fact finder, and third, the evidence must be reliable or trustworthy in an evidentiary sense. *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir., 2001) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993));*see also Hartley v. Dillards*, 310 F.3d 1054, 1060 (8th Cir. 2002). The initial question of whether expert testimony is sufficiently reliable is to be determined by the court, as part of its

gatekeeper function. *Daubert*, 509 U.S. at 593 (citing Fed. R. Evid. 104(a)). The Supreme Court provided a number of factors the Court is to consider in determining whether expert testimony should be presented to the jury. *Id.* at 593-94. These factors, generally referred to as the *Daubert* factors, are 1) whether the theory or technique can be, and has been tested, 2) whether the theory has been subjected to peer review and publication, 3) the known or potential rate of error, and 4) whether the theory or technique is generally accepted in the relevant community. *Id.* The Eighth Circuit summarized additional factors in *Lauzon*: "whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case." 270 F.3d at 687.

## III.  DISCUSSION

The Defendants seek to exclude testimony by Brian Hodak regarding the value of C. Blake's Bar and Grill, and the profits the Bar would have made during the time that the alleged illegal conduct took place, and the date of trial. This requires two distinct inquiries, first in regards to the diminution of value of the business, and second the amount of lost profits from the time of the alleged illegal conduct and the date of trial.

### A.  VALUE OF THE BAR

Under Fed. R. Evid. 701, "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. As a general rule, the owner of property is considered to be competent to testify as to the value of that property. *Foster*

*v. Foster*, 149 S.W.3d 575, 582 (Mo.Ct.App., 2004); *see also Weiss v. Weiss*, 702 S.W.2d 948, 954 (Mo.Ct.App., 1986). Clearly the owner of the Bar would be competent to testify to its value.

In the present case, Plaintiff Brian Hodak intends to present testimony as to the diminution value of the Bar, however, Plaintiff Brian Hodak is not the owner of the Bar. The Bar in question was owned by Plaintiff H/N Planning and Control, Inc., and the sole shareholder of that company was Karla Hodak, not Brian Hodak. Therefore, Plaintiff Brian Hodak cannot testify as the owner. As Plaintiff Brian Hodak is not the owner, the testimony he intends to give must either be lay testimony, within the meaning of Rule 701, or he must qualify as an expert under Rule 702.

In both his deposition, and in the hearing before this Court, Plaintiff Brian Hodak testified that his opinion was based in part on the tax accounting method, which he testified was a method used by Certified Public Accountants (CPA), and that they received technical training and had a specialized knowledge, experience, and education. Whenever specialized knowledge, or training is required, expert testimony will be required. Fed. R. Evid. 702. As this is not an area which a lay witness may testify to, the next question is whether Plaintiff Brian Hodak was sufficiently qualified as an expert.

The first requirement that must be met is that the proposed expert testimony be helpful to the fact finder in deciding the ultimate issue of fact. *Lauzon*, 270 F.3d at 686. Plaintiff Brian Hodak testified at the hearing before this Court that the system he used to determine the value of the Bar was based on common sense, and that he used a "trial and error" method in determining the correct basis for valuation. This testimony supports this Court's finding that Plaintiff Brian Hodak's testimony would not be helpful to the jury in determining the ultimate issue of fact, namely the value of the Bar.

Secondly, the expert must be qualified to assist the fact finder. *Lauzon*, 270 F.3d at 686. Plaintiff Brian Hodak testified that his value was based on "the tax accounting method." Plaintiff Brian Hodak is not a Certified Public Accountant, and has made only one other attempt to evaluate a business about ten years ago. He was asked, "[t]he tax accounting method you identified as a method used by CPA's and they were informed about the method through technical training, specialized knowledge, experience and education?" He answered, "[y]es." He testified that the tax accounting method requires specialized skill in the area of tax accounting. Plaintiff Brian Hodak lacks that specialized knowledge. He admits using a trial and error process to arrive at the projections in Plaintiffs' Exhibits 85 and 86.

Third, the evidence must be reliable or trustworthy in an evidentiary sense. *Lauzon*, 270 F.3d at 686. In deciding the question of reliability or trustworthiness the Court looks to the factors suggested by the Supreme Court in *Daubert*, and by the Eighth Circuit in *Lauzon*. Only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded. *Hartley v. Dillards*, 310 F.3d 1054, 1061 (8th Cir. 2002). The first factor is whether the theory can be, and has been tested. The Plaintiffs provide no testimony as to whether his method has been tested, or even whether it could be tested. The second factor is whether the technique has been subject to peer review and publication, and again the Plaintiffs have provided no evidence of this. In response to questioning during deposition, and the hearing before this Court, Plaintiff Brian Hodak testified that to his knowledge the technique had not been the subject of any publication. The third factor is the potential rate of error, again the Defendants point to deposition testimony that Plaintiff Brain Hodak did not double check his formula. The final *Daubert* factor is whether the technique is generally accepted in the relevant community.

5

Plaintiff Brian Hodak testified that this was a method used by accountants, however he has not provided any support for the use of this technique.

The additional factors listed by the Eighth Circuit, are of equally little help to Plaintiffs. It appears that the valuation developed by Plaintiff Brian Hodak was for litigation. *Lauzon*, 270 F.3d at 686. There is no testimony that Plaintiff Brian Hodak eliminated other explanations for the increase in profits over the months selected, or even whether he considered an alternate method of calculating the value of the business. *Id.* The only factor supporting Plaintiff Brian Hodak's opinion qualifying as an expert, is testimony that he did connect the proposed testimony with the facts of the case, in fact, he appears to have prepared the proposed testimony entirely for supporting the facts of the present case.

### B. LOST PROFITS

In the case cited by Defendants, *Rich v. Eastman Kodak Co.*, the Eighth Circuit held that "Missouri law is clear that anticipated profits are recoverable only where there is proof of income and expenses prior to the interruption or stoppage of the business." 583 F.2d 435, 437 (8th Cir. 1978) (citing *Coonis v. Rogers*, 429 S.W.2d 709, 714 (Mo. 1968)). The Plaintiffs in this case have provided evidence of the income and profits of the business prior to the alleged illegal action taken by the Defendants. Therefore, the case cited by the Defendants does not support their argument that the Plaintiff Brian Hodak is not qualified to testify to the lost profits. The basis that the court is referring to in *Rich*, is a basis in data from years prior to the interruption of the business, not a basis of expert knowledge. *Id.* at 437 ("In this situation, anticipated profits are not recoverable under Missouri law because of their speculative nature.").

The same analysis as used in addressing Plaintiff Brian Hodak's diminution of valuation of the Bar, applies to his calculation of lost profits, for the period between November 1, 2001 and

the time of trial.  The method that Plaintiff Brian Hodak used in reaching the amount of lost profits is inherently unreliable under the *Daubert* analysis.  Specifically, Plaintiff Brian Hodak's methodology in arriving at the multiplier of 1.8668498 is not reliable.  It is an arbitrary number that he selected to arrive at lost profits without taking into consideration expenses, competitive forces, economic vagaries and other market considerations.  He does not know if the business ever had four successive months of increasing gross sales.  He cannot say that he has any information that monthly gross sales increased month to month over a period of four months. Plaintiff Brian Hodak proposes to tell the jury that a business sold by Karla Hodak in June 2002 for $14,000.00 cash and a promissory note of $186,000.00 would have lost profits of $2,713,725.61, through October 31, 2001.  His opinions in Exhibits 85 and 86 will not be of help to the jury in arriving at the facts in issue.  Plaintiff Brian Hodak does not possess the credentials to qualify him as an expert witness.

Plaintiff Brian Hodak is qualified as the controller of the business to explain all of the actual data appearing in the financial documents which he prepared, but he will not be permitted to use Exhibits 85 and 86 to project lost profits.  Unlike the case cited by the Defendants above, the Plaintiffs have provided evidence of the Bar's profits and expenses for the years of operation, and therefore Plaintiffs may be entitled to recover lost profits if they succeed on their claim.

## V. CONCLUSION

Plaintiff Brian Hodak may not testify to the value of the Bar, nor to the lost profits between November 1, 2001 through November 6, 2006 (date of trial).  Furthermore, Plaintiff Brian Hodak may not testify to the value of C. Blake's Bar and Grill as of the date of trial. Plaintiff Brian Hodak may be permitted to testify as to the underlying facts, the amount of profits for each of the months or years that the Bar was open, as well as his opinion as to whether the revenue of the Bar was growing.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Motion to Preclude Opinion Testimony of Brian Hodak and Motion to Strike Exhibits 85 and 86 are **GRANTED**.

Dated this 6th Day of November, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE