UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN HODAK, et al.,, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:04CV01099 ERW |
| ) | |
| CITY OF ST. PETERS, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Costs [doc. #111] and Defendants' Joint Motion for Attorney's Fees [doc. #114].

## **I. PROCEDURAL HISTORY**[1]

Plaintiffs Brian and Karla Hodak filed suit on August 19, 2004, against Defendants City of St. Peters, Tom Brown, Timothy Kaiser, Robert Treadway, and Charles Carson, alleging seven counts, each seeking relief under 42 U.S.C. § 1983. The Complaint was amended by Plaintiffs' motion on September 13, 2005, to remove the claims of conspiracy against all Defendants under Count I, and to remove the claim of a violation of Plaintiffs' First Amendment rights against Timothy Kaiser, Robert Treadway, and Charles Carson (collectively "the Police Defendants"). Summary Judgment was granted to Defendants on Counts II, IV, and V, leaving three counts remaining for trial. The counts remaining were: Count I, First Amendment violation against Defendants Brown and the City of St. Peters; Count III, claim against the Police Defendants for

---

[1]The Court believes it is helpful to set forth the complex procedural history in this case. However, for purposes of the pending motion the factual background of the case is not significant, and the Court will not set forth the facts in detail.

1

excessive use of force; and Count VI, claim against the Police Defendants for failing to intercede on Plaintiff Brian Hodak's behalf and prevent the excessive use of force, false arrest and malicious prosecution.

The three remaining counts went to trial, which began on March 6, 2006. The trial resulted in a jury verdict for the Plaintiff on Count I, and a jury verdict for the Police Defendants on Counts III and VI. Prior to the judgment being rendered, the Defendants moved for judgment as a matter of law at the close of all the evidence, arguing that Plaintiffs Brian and Karla Hodak had not presented any evidence of damages resulting from Defendants Brown and the City of St. Peters' retaliation against Plaintiff Brian Hodak for exercising his first amendment rights. Rather, the Defendants argued that all evidence of damages were to H/N Planning and Control, Inc.[2] Plaintiffs then orally moved the Court to add H/N Planning and Control, Inc. as a Plaintiff in the case. The Court granted Plaintiffs' Motion, and Denied Defendants' Motion. Plaintiffs filed a Second Amended Complaint on March 17, 2006, to conform with the oral motion made at the close of all the evidence at trial. Defendants subsequently filed a Joint Motion for Judgment as a Matter of Law or in the Alternative a New Trial. This Court denied Defendants' Motion for Judgment as a Matter of Law, but granted their Motion for a New Trial. Setting for a new trial Count I only of Plaintiffs' Second Amended Complaint. On August 23, 2006, this Court granted Plaintiffs leave to file a Third Amended Complaint, which clarified Count I, as alleging damages to both Plaintiff Brian Hodak and Plaintiff H/N Planning and Control, Inc. The case was retried on November 6, 2006, and the Jury returned a verdict in favor of the Plaintiffs, against Defendants Brown and the City of St. Peters. Prior to a new trial taking place, the Defendants

---

[2]H/N Planning and Control, Inc, is a corporation owned by Plaintiff Karla Hodak, which owned C. Blake's Bar and Grill. C. Blake's Bar and Grill lost its liquor license, and Plaintiffs' alleged that it was because of Plaintiff Brian Hodak's exercise of his free speech rights.

filed the pending motions for costs and attorney's fees, based on their success on six out of seven counts of Plaintiffs' complaint.

## II. LEGAL STANDARD

### A. Bill of Costs

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . .." Fed. R. Civ. P. 54(d). Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court may not award costs other than those authorized by § 1920 because this section "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). There is no requirement that the prevailing party be awarded costs under Rule 54(d).

### B. Attorney's Fees

As specifically noted in Federal Rule 54(b), "costs *other than attorney's fees* shall be allowed as of course to the prevailing party." Fed. R. Civ. P. 54(b) (emphasis added). This standard is prefaced by the clause "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules. . .." *Id*. Such an exception is found in 42 U.S.C. §

3

1988(b) which states, in pertinent part, "[i]n any action or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983, 1985, and 1986 of this title. . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . .." Contrary to the general rule, this provision allows for an award of attorney's fees under 42 U.S.C. § 1983, to the prevailing party. The Supreme Court has held that in order to be a "prevailing party," a plaintiff must have "received a judgment on the merits. . ., or obtained a court-ordered consent decree. . .." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Services*, 532 U.S. 598, 605 (2001).[3]

The majority of cases refer to the prevailing plaintiff, rather than the prevailing party. However, many courts, including the Supreme Court, have found that a prevailing defendant may be awarded a reasonable attorney's fee. *See e.g. Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412 (1978). However, "[d]efendants are not automatically entitled to an award of attorney's fees merely because they prevail." *Flowers v. Jefferson Hosp. Ass'n*, 49 F.3d 391, 392 (8th Cir. 1995). Rather, the standard is stricter for prevailing defendants. "A court may award prevailing defendants attorney's fees under section 1988 only if the plaintiff's claim was 'frivolous, unreasonable, or groundless, or. . . plaintiff continued to litigate after it clearly became so.'" *Id*. (citing *Christiansburg*, 434 U.S. at 422) (alterations in original). As the Supreme Court noted in *Christiansburg*, "[t]o take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would

---

[3]There are numerous federal statutes, including 42 U.S.C. § 1988, that provide for an award of attorney's fees to the prevailing party. As the Supreme Court noted in *Buckhannon Bd.*, the Court has consistently interpreted the prevailing party language in each statute. 532 U.S. at 603 n. 4 ("We have interpreted these fee-shifting provisions consistently. . ..").

4

substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." 434 U.S. at 422.

## III. DISCUSSION

Both of the Defendants' Motions raise a key question, whether the Defendant was the prevailing party. Only the prevailing party may be awarded costs under Federal Rule (54)(d), and only the prevailing party can recover attorney's fees under 42 U.S.C. § 1988. Defendants' briefs focus on the reasonableness of the costs and attorney's fees, without discussion of the question of whether they are the prevailing party. However, it is not necessary to address these arguments unless Defendants are the prevailing party and therefore eligible for an award of costs and attorney's fees under the proceeding rules.

A typical method of determining prevailing party status, is whether the party "succeeds on any significant issue in litigation. . .." *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 789 (1989). The Supreme Court was more explicit in *Marek v. Chesny*, stating that "[w]e have made clear. . . that a party may 'prevail' under § 1988 on some elements of the litigation and not others." 473 U.S. 1, 22 (1985). Without deciding whether Defendants in this case are entitled to an award of attorney's fees or costs, the Court finds that Defendants have succeeded on a number of significant issues in the litigation before this Court, and therefore are the prevailing party as to those issues. Defendants successfully defended six of the seven counts of Plaintiffs' First Amended Complaint, and Plaintiffs dropped their allegations of a conspiracy under Count I.

### A. Costs

As an initial matter, the Court notes that a number of the requests for costs listed in Defendants' motion are not authorized under 28 U.S.C. § 1920, and therefore will not be

considered. The "Itemization of Additional Costs," includes a request for legal research, travel costs, fees for service of deposition and trial subpoenas, postage and facsimile costs, mediation costs, and expert fees. *Defs. Mot. for Costs*, p. 4. With the exception of expert fees, none of these additional costs are listed in § 1920. *See e.g. Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) ("§ 1920 defines the term "costs" as used in Rule 54(d)."). As to expert fees, these are permitted for "court appointed experts" only. 28 U.S.C. § 1920. The experts used in this case were not appointed by the Court, and therefore Defendants are not entitled to reimbursement of their costs.

28 U.S.C. § 1920 enumerates those costs which may be taxed against the losing party, however, Federal Rule of Civil Procedure 54(d) "grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co.*, 482 U.S. at 442. Due to Plaintiffs' success on their first cause of action for retaliation in violation of the First Amendment, this Court holds that Defendants are not entitled to costs in this case.

**B. Attorney's Fees**

As this Court determined above, Defendants were the prevailing party on a number of substantial issues in this litigation. However, as the Court also noted in stating the legal standard for awarding attorney's fees to the prevailing party; Defendants are entitled to such an award "only if the plaintiff's claim was frivolous, unreasonable, or groundless, or plaintiff continued to litigate after it clearly became so." *Flowers*, 49 F.3d at 392 (internal citations and alterations omitted). Defendants vigorously argue that each of the six counts on which Defendants were successful were frivolous. The Court will address each count in turn.

Defendants first argue that the conspiracy claim had no evidentiary support and therefore should not have been filed. The conspiracy claim was removed from Plaintiffs' original complaint

when Plaintiffs filed their First Amended Complaint at the close of discovery. Whether or not Plaintiffs had evidence of the alleged conspiracy prior to conducting discovery is not decisive of the question of whether the allegation was frivolous, as Defendants contend. The purpose of discovery is to gain evidence in support of one's allegations. Although Defendants are correct that "[i]n Plaintiff's Opposition, Plaintiffs have offered no statement or affidavit or facts supporting an inference that the claim was based on some good faith belief," *Defs. Reply Memo. in Support of Mot. for Atty's Fees*, p.1, Plaintiffs are not required to make such proof. Defendants are equally guilty of failing to provide the Court with any affidavit or evidence that the claim was baseless, rather they point to the lack of evidence at the end of discovery. Once discovery ended, Plaintiffs presumably realized the lack of basis for their claim and this led them to remove the allegations of a conspiracy. The conclusion that Plaintiffs lack of proof does not entitle Defendants to an award of attorney's fees is supported by the Eighth Circuit's decision in *Flowers*. 49 F.3d at 392. The Eighth Circuit upheld the district court's award of attorneys fees, based in part, on the district court's reasoning that the Plaintiff "should have known from pre-trial discovery that his section 1981 claim was unreasonable, without foundation, and based purely on speculation." *Id.* The court did not assert that the plaintiff should have known prior to discovery. Once discovery was complete, Plaintiffs removed their conspiracy allegations. Defendants are not entitled to attorney's fees resulting from defending against the conspiracy claim.

Next, Defendants address Counts IV and V of the First Amended Complaint; these counts alleged false arrest and malicious prosecution against the Police Defendants. These two counts were dismissed on Summary Judgment. Defendants main argument in support of his assertion that such claims were frivolous, is the uncontroverted evidence that when the Police Defendants

7

in question arrived at C. Blake's Bar and Grill on October 18, 2001,[4] they observed Plaintiff Brian Hodak causing unwanted physical contact against Brian Fitchett, and therefore there was probable cause to arrest Plaintiff Brian Hodak. However, it is also uncontroverted that Plaintiff Brian Hodak was ultimately acquitted of all criminal charges resulting from that incident.

The undisputed facts, stated above, do not support an award of attorney's fees on Counts IV and V. The Court is mindful of "the Supreme Court's admonition in *Christiansburg* to refrain from post hoc reasoning and view the reasonableness of the matter from the plaintiff's perspective at the time." *Flowers*, 49 F.3d at 392-93 (citing *Christiansburg*, 434 U.S. at 422). In a District of North Dakota case, the court found that although in hindsight the events which the Plaintiff claimed to be evidence of a conspiracy were merely random occurrences, this alone was not sufficient to support an award of attorney's fees to the defendant. *Executive Air Taxi Corp. v. City of Bismarck, North Dakota*, 2006 WL 3761994, at *2 (Dist. N.D. Dec. 20, 2006). Similarly, in the case at bar, the facts in hindsight clearly support a finding of probable cause, which led to this Court's dismissal of Counts IV and V on summary judgment. However, Plaintiff Brian Hodak was justified in believing that the actions of the Police Defendants were unwarranted, especially in light of the ongoing disputes with the city. *See id.* ("The plaintiff had a long history of running disagreements with the City management of the Bismarck Municipal Airport. . . To someone predisposed to find a conspiracy, some incidents were taken as proof." The court went on to deny defendants' request for attorney's fees.). In addition, the North Dakota Court looked to the denial of a Rule 12 motion to dismiss as further evidence that the suit was not frivolous, unreasonable or groundless. *Id.* at *3 ("One of the reasons these motions [motion to dismiss and

---

[4]The incident on October 18, 2001 formed part or all of the factual basis for a number of Plaintiffs' allegations.

motion for sanctions] were denied was the court did not find the claims themselves were frivolous, unreasonable, or groundless."). This Court also denied Defendants' motion to dismiss, on all counts. This Court does not find that the Plaintiffs' allegations of false arrest and malicious prosecution in Counts IV and V were frivolous and therefore Defendants' request for attorney's fees is denied.

Defendants also request attorney's fees for their successful defense of Count II, which alleged a violation of Plaintiffs' procedural due process rights. This Count was dismissed on summary judgment for Plaintiffs' failure to exhaust their administrative remedies. Defendants spend the majority of their argument reiterating the case law which was the basis for this Court's summary judgment ruling. However, as with Counts IV and V, Defendants have not provided evidence that when the case was filed such allegations were frivolous, unreasonable, or groundless. To the contrary, this Court ruled that Plaintiffs had failed to exhaust their administrative remedies, not that their allegations were without merit. The Court also denies Defendants' request for attorney's fees regarding Count II.

Lastly, Defendants request attorney's fees for their defense of Counts III and VI. Count III alleged unreasonable force in the course of Plaintiff Brian Hodak's arrest, and Count VI alleged that the Police Defendants failed to intervene to prevent the excessive use of force. These counts were decided in Defendants favor at the first jury trial of this matter. The reasoning set forth above is even more compelling for these counts, as there was sufficient conflicting evidence for these counts to go to trial, surviving Defendants' motion for summary judgment. However, Defendants argue that Plaintiff Brian Hodak made false representations both in the complaint, and in his Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, that conflicted with his testimony at trial. The Supreme Court is clear that subjective bad faith is not required for

an award of attorney's fees in favor of the defendant, *Christiansburg*, 434 U.S. at 421, however, such evidence would support a finding by this Court that Plaintiffs' claims were frivolous, unreasonable or groundless. Specifically, Defendants point to statements in Plaintiffs' complaint that "Kaiser used a night stick and began beating Brian Hodak, placing him in a choke hold, and then thrusting his knee into the thigh of Brian Hodak at least 3 times." *Defs. Memo. in Support of Defs. Mot. For Atty's Fees*, p. 8. As evidence that these allegations had no basis in fact, Defendants point to Plaintiff Brian Hodak's failure to testify at trial to the allegations of use of the choke hold and baton by the Police Defendants. However, this inconsistency, although questionable, is not sufficient to hold Plaintiffs responsible for attorney's fees. The basis for these allegations was, in part, the testimony of Peggy Geldien, who testified to the baton use and choke hold, but who at trial stated that she had been mistaken. The fact that Plaintiff Brian Hodak did not testify to these events is not alone sufficient to say that Plaintiffs' allegations were made in bad faith. As the Defendants recognize in their motion for attorney's fees, Plaintiff Brian Hodak never testified to such actions prior to trial.[5]

## IV. CONCLUSION

The Court concludes that although Defendants were successful on a number of issues in this case, sufficient to make them the prevailing party on those counts, they have not provided sufficient evidence to support either an award of costs or attorney's fees. This Court has discretion in awarding costs, and does not believe that in this case Defendants are entitled to such

---

[5]Defendants briefly argue that they are entitled to attorney's fees on Count I, because the Court should grant Defendants Motion for Judgment as a Matter of Law. However, the court denied Defendants Motion, and granted their Motion for a new trial. At the second trial, the jury again returned a verdict for Plaintiffs on Count I. Therefore, Defendants are not the prevailing party as to Count I.

an award, especially considering Plaintiffs' success at trail and significant damage award.[6]
Furthermore, Defendants have not provided evidence to support an award of attorney's fees, as none of the Plaintiffs' claims were "frivolous, unreasonable, or groundless." *Flowers*, 49 F.3d at 392.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Costs [doc. #111] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Joint Motion for Attorney's Fees [doc. #114] is **DENIED**.

Dated this 28th Day of February, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[6] The Jury awarded $475,000 in compensatory damages, and $1,000,000.00 in punitive damages.