UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN HODAK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:04CV01099 ERW |
| ) | |
| CITY OF ST. PETERS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Costs/Verified Bill of Costs Pursuant to Rule 54 [doc. #275], Defendants' Motion for Attorney's Fees [doc. #276], Defendants' Verified Request for Costs on Appeal Taxable in the District Court Pursuant to Federal Rule of Appellate Procedure 39 [doc. #277], and Plaintiffs' Motion for Sanctions [doc. #278].

### **I.      PROCEDURAL HISTORY**

Plaintiffs Brian and Karla Hodak filed suit on August 19, 2004, against Defendants City of St. Peters, Tom Brown, Timothy Kaiser, Robert Treadway, and Charles Carson, alleging seven counts, each seeking relief under 42 U.S.C. § 1983.  The Complaint [doc. #1] was amended by Plaintiffs' motion on September 13, 2005 [doc. #22], dropping the claims of conspiracy against all Defendants under Count I, and dropping the claim of a violation of Plaintiffs' First Amendment rights against Timothy Kaiser, Robert Treadway, and Charles Carson (collectively "the Police Defendants").  Summary Judgment was granted on Counts II, IV, and V, in favor of Defendants, leaving three counts remaining for trial [doc. #49].  The counts remaining were: Count I, First

Amendment violation against Defendants Brown and City of St. Peters; Count III, excessive use of force against the Police Defendants; and Count VI, failure to intercede against the Police Defendants.

The three remaining counts went to trial, which began on March 6, 2006.  The trial resulted in a jury verdict for the Plaintiffs on Count I, and a jury verdict for the Police Defendants on Counts III and VI.  Prior to the verdict being returned, Defendants moved for judgment as a matter of law at the close of all the evidence, arguing that Plaintiffs Brian and Karla Hodak had not presented any evidence of damages resulting from retaliation by Defendants Brown and City of St. Peters against Plaintiff Brian Hodak for exercising his First Amendment rights.  Defendants further argued that all evidence of damages presented at trial related to H/N Planning and Control, Inc.[1]  Plaintiffs then made an oral motion to add H/N Planning and Control, Inc. as a Plaintiff in the case.  The Court granted Plaintiffs' Motion, and denied Defendants' Motion.  Plaintiffs filed a Second Amended Complaint [doc. #103] on March 17, 2006, to conform with the oral motion made at the close of all the evidence at trial.  Defendants subsequently filed a Joint Motion for Judgment as a Matter of Law or in the Alternative a New Trial [doc. #105].  This Court denied Defendants' Motion for Judgment as a Matter of Law, but granted their Motion for a New Trial [doc. #132], setting for a new trial Count I only of Plaintiffs' Second Amended Complaint.  On August 23, 2006, this Court granted Plaintiffs leave to file a Third Amended Complaint [docs. #133, 144], which clarified Count I as alleging damages to both Plaintiff Brian Hodak and Plaintiff H/N Planning and Control, Inc.  The case was retried on November 6, 2006, and the jury returned

---

[1]H/N Planning and Control, Inc, is a corporation owned by Plaintiff Karla Hodak, which owned C. Blake's Bar and Grill.  C. Blake's Bar and Grill lost its liquor license, and Plaintiffs alleged that it was in retaliation for Plaintiff Brian Hodak's exercise of his free speech rights.

a verdict in favor of Plaintiffs, against Defendants Brown and City of St. Peters.  Plaintiff Brian Hodak received a jury verdict in his favor, but the jury did not award any damages.  Plaintiff H/N Planning and Control, Inc. ("Plaintiff H/N Planning") received a jury verdict in its favor, and received damages in the amount of $375,000.00 for lost profits from October 18, 2001 to the date of the verdict, November 14, 2006.  The jury further awarded Plaintiff H/N Planning $1,000,000.00 in punitive damages.

Following the trial on this matter, Plaintiffs filed a Motion for New Trial and to Alter or Amend the Judgment [doc. #213]; Defendants filed a Joint Motion for Judgment as a Matter of Law After Trial, or, in the Alternative, a New Trial [doc. #216]; and Plaintiffs filed a Motion for Leave to File a Fourth Amended Complaint [doc. #228].  With respect to Plaintiffs' Motion to Alter or Amend the Judgment, the Court granted Plaintiffs' request for post-judgment interest, but denied the Motion in all other respects.  With respect to Defendants' Joint Motion for Judgment as a Matter of Law, or, in the Alternative, a New Trial, the Court granted judgment to Defendants only as to Plaintiff Brian Hodak's First Amendment claim under Count I of Plaintiffs' Third Amended Complaint, due to the lack of evidence of damages.[2]  The Motion was denied in all other respects.  The Court also denied Plaintiffs' Motion for Leave to File a Fourth Amended Complaint.  In addition, the Court considered motions for costs and attorney's fees filed by both Plaintiffs and Defendants, and held that Plaintiffs were entitled to reimbursement of $10,801.64 in

---

[2]In its May 14, 2007 Order, the Court found that "the evidence adduced at trial [was] insufficient, as a matter of law, to support a judgment in favor of Plaintiff Brian Hodak. . . . Even though no damages were awarded, Defendants are entitled to Judgment as a Matter of [L]aw on the claim of Brian Hodak for retaliation under § 1983."  This judgment did not affect Plaintiff H/N Planning's First Amendment claim under Count I of the Third Amended Complaint, and did not in any way change the jury's verdict, which awarded Plaintiff H/N Planning lost profits and punitive damages.

costs and $168,532.80 in attorney's fees. The Court rejected Defendants' requests for costs and fees.

Defendants Brown and City of St. Peters appealed this Court's judgment and the Eighth Circuit found that Plaintiff H/N Planning lacked third-party standing. Thus, the Eighth Circuit reversed and remanded the case, instructing the Court to vacate the judgment in favor of Plaintiff H/N Planning and to dismiss Plaintiff H/N Planning's complaint for lack of jurisdiction. The Court entered a judgment to that effect on October 6, 2008.

In the pending Motions, Defendants argue that, as a result of the Eighth Circuit decision, they are now the clear prevailing party and, thus, should be awarded costs and attorney's fees. They also assert that they are entitled to certain costs on appeal. Plaintiffs oppose Defendants' Motions, arguing that Defendants have already sought costs and attorney's fees, both of which were denied three times (twice by this Court and once by the Eighth Circuit). Plaintiffs further argue that this Court should impose sanctions on Defendants for bringing claims which are clearly barred.

**II.     BILL OF COSTS**

In their Motion for Costs/Verified Bill of Costs Pursuant to Rule 54 [doc. #275], Defendants seek to recover $25,468.69 in costs, enumerated as follows: $7,597.80 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case; $14,987.68 for fees and disbursements for printing; $583.47 for fees for witnesses; $444.54 for fees for exemplification and copies of papers necessarily obtained for use in the case; and $1,855.20 for costs as shown on Mandate of Court of Appeals.

A.   **LEGAL STANDARD**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

(1)   Fees of the clerk and marshal;
(2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3)   Fees and disbursements for printing and witnesses;
(4)   Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5)   Docket fees under section 1923 of this title;
(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920 because this section "imposes rigid controls on cost-shifting in federal courts."  *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation omitted).  Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs.  *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

B.   **DISCUSSION**

Following the Eighth Circuit's reversal and remand, and this Court's subsequent Judgment and dismissal of the case, it is now apparent that Defendants are the sole prevailing party and, thus, may seek costs under the Federal Rules of Civil Procedure.  Plaintiffs, the opposing party with respect to the pending Motion, have filed a general objection to Defendants' Motion.  However, Local Rule 54-8.03 provides that "[e]ach party objecting to a bill of costs shall file, within fourteen (14) days of being served, a memorandum stating *specific* objections."  (emphasis

added). It appears to the Court that Plaintiffs' Response does not include any specific objections to the costs requested by Defendants; rather, they merely make a general objection to Defendants' Motion, arguing that the requested costs have already been denied. As a result of Plaintiffs' failure to make specific objections, Defendants' Motion for Costs is uncontested. However, even if Plaintiffs had filed specific objections to Defendants' Motion, the Court would not exercise its discretion to deny costs.

This Court denied Defendants' initial Motion for Bill of Costs [doc. #111] prior to the Eighth Circuit's reversal and remand of the case. In its denial, the Court explained that Defendants were not entitled to costs due to Plaintiffs' success on their first cause of action for retaliation in violation of the First Amendment. However, as a result of the Eighth Circuit's decision, this Court has vacated the judgment in favor of Plaintiffs and has dismissed their complaint for lack of jurisdiction. Thus, the Court's justification for denying Plaintiffs' initial Motion for Bill of Costs is no longer valid and cannot be applied in this instance with respect to the pending Motion.

The costs requested by Defendants clearly fall within the parameters of 28 U.S.C. § 1920. The $7,597.80 requested for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case was properly documented in Defendants' Exhibit B and is permitted under 28 U.S.C. § 1920(2). Both the $14,987.68 requested for fees and disbursements for printing (properly document in Defendants' Exhibit C) and the $583.47 requested for witness fees (properly documented in Defendants' Exhibit D) are permitted under 28 U.S.C. § 1920(3). Finally, the $444.54 requested for fees for exemplification and copies of papers necessarily

obtained for use in the case was properly documented in Exhibit E and is permitted under 28 U.S.C. § 1920(4).

In addition, the Eighth Circuit issued a Mandate on August 29, 2008, providing that "[t]he appellants [(the Defendants)] shall recover from the appellees [(the Plaintiffs)] the sum of $1,855.20 (One Thousand Eighth Hundred Fifty-Five Dollars and Twenty Cents) as taxable costs on appeal." [doc. #271]. If Plaintiffs have not already remitted this sum to Defendants, Defendants are also entitled to the $1,855.20 granted by Mandate of Court of Appeals.

## III.    ATTORNEY'S FEES

### A.    LEGAL STANDARD

As specifically noted in the Federal Rules of Civil Procedure, "costs--*other than attorney's fees*--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d) (emphasis added). This standard, however, is prefaced by the following clause: "[u]nless a federal statute, these rules, or a court order provides otherwise . . . ." *Id*. Such an exception is found in 42 U.S.C. § 1988(b) which states, in pertinent part, "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." Thus, contrary to the general rule, this provision permits the prevailing party to seek, and possibly collect, an award of attorney's fees under 42 U.S.C. § 1983.

The majority of cases in which attorney's fees are awarded under 42 U.S.C. § 1983 refer to the prevailing *plaintiff*, rather than the prevailing *party*. Despite this seeming pattern, many courts, including the Supreme Court, have nevertheless found that a prevailing *defendant* may be awarded a reasonable attorney's fee. *See e.g.*, *Christiansburg Garment Co. v. EEOC*, 434 U.S.

7

412 (1978). However, "[d]efendants are not automatically entitled to an award of attorney's fees merely because they prevail." *Flowers v. Jefferson Hosp. Ass'n*, 49 F.3d 391, 392 (8th Cir. 1995). Rather, the standard is stricter for prevailing defendants: "A court may award prevailing defendants attorney's fees under section 1988 only if the plaintiff's claim was 'frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so.'" *Id*. (citing *Christiansburg*, 434 U.S. at 422) (alterations in original). As the Supreme Court noted in *Christiansburg*, "[t]o take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." *Christiansburg*, 434 U.S. at 422. "So long as the plaintiff has 'some basis' for [his] claim, a prevailing defendant may not recover attorneys' fees." *EEOC v. Kenneth Balk & Assocs., Inc.*, 813 F.2d 197, 198 (8th Cir.1987) (quoting *Obin v. Dist. No. 9 of the Int'l Ass'n of Machinists*, 651 F.2d 574, 587 (8th Cir.1981)).

**B.    DISCUSSION**

The Court begins by noting that it has already determined that most of Plaintiffs' initial claims were not "frivolous, unreasonable or groundless." Specifically, in its February 28, 2007 Order [doc. #227], the Court found that Defendants were not entitled to attorney's fees on the following claims: the conspiracy claim that was removed when Plaintiffs filed their First Amended Complaint; Counts IV and V of the First Amended Complaint, alleging false arrest and malicious prosecution against the Police Defendants, which were dismissed on Summary Judgment; Count II of the First Amended Complaint, alleging a violation of Plaintiffs' procedural due process rights, which was dismissed for failure to exhaust administrative remedies; and Counts III and VI

of the First Amended Complaint, alleging unreasonable force and failure to intervene against the Police Defendants, which were decided in Defendants' favor at the first jury trial of this matter. To the extent Defendants are seeking attorney fees for the defense of the aforementioned claims, the Court adopts the reasoning it set forth in its February 28, 2007 Order and denies such fees.[3]

With respect to Plaintiffs' First Amendment claim against Defendants Brown and City of St. Peters, this Court initially denied Defendants' request for attorney's fees because Defendants were not the prevailing party on that claim. At the time the Court issued its February 28, 2007 Order, the second trial in this case had concluded and the jury had returned a verdict for Plaintiffs. Further, the Eighth Circuit had not yet issued its decision, reversing and remanding the case. It is now clear that the Defendants are the prevailing party with respect to the First Amendment claim, and thus, the Court can consider whether they are entitled to attorney's fees for the defense of that claim.

Keeping in mind "the Supreme Court's admonition to avoid '*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been

---

[3]In their Motion for Attorneys' Fees [doc. #276], Defendants incorrectly state that "[t]his Court declined to award fees due in part to 'Plaintiffs' success at trial and significant damage award.'" This Court did previously state: "This Court has discretion in awarding *costs*, and does not believe that in this case Defendants are entitled to such an award, especially considering Plaintiffs' success at trial and significant damage award." (emphasis added). However, it is clear that the Court made this statement in regard to its denial of Defendants' Motion for Costs, and not in regard to its denial of Defendants' Motion for Attorney's Fees. In the Court's analysis of Defendants' Motion for Attorney's Fees, there is no language that would suggest that Plaintiffs' success on the First Amendment claim at the second trial had any impact on the Court's decision to refuse to grant attorney's fees. To the contrary, the Court examined each of the individual claims brought by Plaintiffs to determine if attorney's fees should be granted with respect to that particular claim, standing alone. Upon determining that none of the claims on which Defendants prevailed warranted an award of attorney's fees, the Court noted that Defendants were also not entitled to attorney's fees for the First Amendment claims, for the sole reason that they were not the prevailing party on those claims.

9

unreasonable or without foundation,'" *Williams v. City of Carl Junction, Mo.*, 523 F.3d 841, 843 (8th Cir. 2008) (quoting *Christiansburg*, 434 U.S. at 421-22), the Court cannot say that Plaintiffs' First Amendment claims were "frivolous, unreasonable or groundless." Although it became apparent to the Court at the conclusion of the second trial that there was insufficient evidence to support Plaintiff Brian Hodak's retaliation claim, the Court's conclusion was based on a matter of degree,[4] which could not be predicted at the time the claims were made. Further, the issue of third party standing to sue is complex, as exemplified by the Eighth Circuit's reversal and remand of this Court's decision finding that Plaintiff H/N Planning had third-party standing to sue Defendants. Plaintiff H/N Planning clearly had an arguable basis in both fact and law to assert and pursue its First Amendment claim against Defendants. The Court finds that none of Plaintiffs' claims were "frivolous, unreasonable or groundless." Thus, Defendants are not entitled to attorney's fees under section 1988.

## IV. COSTS ON APPEAL

In addition to their Motion for Costs and their Motion for Attorney's Fees, Defendants have also filed a Verified Request for Costs on Appeal Taxable in the District Court Pursuant to Federal Rule of Appellate Procedure 39 [doc. #277]. In this Verified Request, Defendants seek costs in the amount of $9,028.60, which include: $426.30 for the cost expended in assembling,

---

[4]In the Court's May 14, 2007 Order [doc. #231] granting in part and denying in part Defendants' Joint Motion for Judgment as a Matter of Law After Trial or in the Alternative a New Trial, the Court stated: "[Brian Hodak's] testimony regarding the emotional impact of the threats of Defendant Brown, and the eventual revocation of Karla Hodak's liquor license are not sufficiently severe so as to raise to the level of an actionable constitutional violation. Even though no damages were awarded, Defendants are entitled to Judgment as a Matter of Law on the claim of Brian Hodak for retaliation under § 1983."

copying, reproducing and binding the trial transcript exhibits; $8,147.30 for court reporter costs for trial transcripts; and $455.00 for filing the appeal.

Federal Rule of Appellate Procedure 39(e) provides:

The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule: (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal.

A party is entitled to costs under the rule as follows:

(1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise; (2) if a judgment is affirmed, costs are taxed against the appellant; (3) if a judgment is reversed, costs are taxed against the appellee; (4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

Fed. R. App. P. 39(a).

In this case, the Eighth Circuit reversed this Court's judgment on appeal. As a result, the Federal Rules of Appellate Procedure provide that this Court should tax costs against the appellee (Plaintiffs). Defendants seek costs that fall within the parameters of the Federal Rule of Appellate Procedure 39(e): $426.30 for the cost expended in assembling, copying, reproducing and binding the trial transcript exhibits, as permitted under Rule 39(e)(1); $8,147.30 for court reporter costs for trial transcripts, as permitted under Rule 39(e)(2); and $455.00 for filing the appeal, as permitted under Rule 39(e)(4). Plaintiffs apparently do not object to these costs, as they did not address this particular Verified Request in their Response in Opposition to Defendants' Motion for Attorney Fees and Costs [doc. #278]. Thus, the Court will grant Defendants' Verified Request for Costs on Appeal.

11

## V.  PLAINTIFFS' MOTION FOR SANCTIONS

Plaintiffs seek sanctions as a result of Defendants' Motions for Costs and Attorney's Fees, arguing that they have already sought such costs and fees and were unsuccessful on three separate occasions.  They further argue that Defendants are requesting relief which is clearly barred and for which this Court does not have authority or jurisdiction to consider.

The Court finds that sanctions are wholly inappropriate in this case and denies Plaintiffs' Motion.  Not only did this Court grant several of Defendants' Motions, but the procedural posture of the case made it entirely reasonable for Defendants to present their Motions for fees and costs to this Court again.  When this Court considered Defendants' earlier Motions, the Plaintiffs were considered to be a prevailing party, due to their success on their First Amendment claims, and were, thus, equally likely to receive costs or attorney's fees as the Defendants were.  As the case currently stands following the Eighth Circuit's reversal and remand, however, Plaintiffs can no longer be considered a prevailing party.  Defendants are now the sole prevailing party, and this rather significant change made it more likely that they would be entitled to receive costs or attorney's fees than they previously had been.  Defendants cannot be punished for acting reasonably in the pursuit of their rights.

## VI.  CONCLUSION

Defendants are awarded costs in the amount of $23,613.49, pursuant to Federal Rule of Civil Procedure 54, and are further awarded $1,855.20 for costs on appeal, if not already remitted by Plaintiffs.  Further, Defendants are awarded $9,028.60, pursuant to Federal Rule of Appellate

Procedure 39. Defendants are not, however, entitled to attorney's fees in this case. Finally, the Court declines Plaintiffs' request to impose sanctions against Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Costs/Verified Bill of Costs Pursuant to Rule 54 [doc. #275] is **GRANTED**. The Clerk of the Court shall tax costs in favor of Defendants against Plaintiffs in the amount of $23,613.49. If Plaintiffs have not yet remitted to Defendants the $1,855.20 for costs on appeal, as mandated by the Eighth Circuit, the Clerk of Court shall tax additional costs in favor of Defendants against Plaintiffs in the amount of $1,855.20.

**IT IS FURTHER ORDERED** that Defendants' Motion for Attorney's Fees [doc. #276] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Verified Request for Costs on Appeal Taxable in the District Court Pursuant to Federal Rule of Appellate Procedure 39 [doc. #277] is **GRANTED**. The Clerk of Court shall tax costs in favor of Defendants against Plaintiffs in the amount of $9,028.60.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions [doc. #278] is **DENIED**.

Dated this 23rd Day of February, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

13